# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DEBRA DENISE CURRY,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF CLAYTON, TERRY BASKIN, TOMISHA SMITH, OFFICER A. COWELL, DANIELLE JONES, CHIEF MICHAEL REGISTER, DETECTIVE MCCART, MICHAEL MURPHY, and CHARLES REED,**<br><br>       **Defendants.** | 1:16-cv-4379-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review, under 28 U.S.C. § 1915(e)(2)(B), of Plaintiff Debra Denise Curry's ("Plaintiff") Complaint [3].

## I.  BACKGROUND

On November 28, 2016, Plaintiff filed her Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") [1].  On December 1, 2016, Magistrate Judge Catherine M. Salinas granted Plaintiff's IFP Application and submitted Plaintiff's *pro se* Complaint [3] to this Court for a frivolity review.  ([2]).

Plaintiff's Complaint alleges that, on May 3, 2016, she drove to the Clayton County Tag Office to renew her vehicle registration. (Compl. ¶¶13, 45). Plaintiff's daughter and a friend were passengers in the car. (Compl. ¶ 13). When Plaintiff arrived, she spoke with the officer manager, Defendant Tamisha Smith ("Smith"), who told her to contact the Clayton County Tax Commissioner's Office. (Compl. ¶ 13). Plaintiff called the Tax Commissioner's Office and spoke with Defendant Danielle Jones ("Jones"), who told her that Defendant Terry Baskin ("Commission Baskin"), the Clayton County Tax Commissioner, was required to authorize her registration renewal. (Compl. ¶¶ 9, 13). Jones explained that Baskin was currently unavailable. (Compl. ¶ 13).

After her conversation with Jones, Plaintiff returned to the Tag Office to pay the registration renewal fee. (Compl. ¶ 13). Smith would not allow Plaintiff to pay the fee, and was "rude and obnoxious." (Compl. ¶ 13). Plaintiff "tried to explain that she couldn't drive her car without her registration." (Compl. ¶ 13). Defendant Officer A. Cowell ("Officer Cowell"), a Clayton County police officer, told Plaintiff "if you don't leave this building I will throw you out." (Compl. ¶¶ 10, 13). Plaintiff asked for Officer Cowell's badge number and threatened to report her to "Internal Affairs." (Compl. ¶ 13). Plaintiff then returned to her vehicle and

called the Office of the Clayton County Chief of Police (the "Chief of Police's Office"), Michael Register ("Chief Register"). (Compl. ¶¶ 8, 13).

While Plaintiff was on the phone with the Chief of Police's Office, two police cars arrived, apparently at the request of Officer Cowell. (Compl. ¶ 13). Defendant Michael Murphy ("Officer Murphy"), a Morrow County police officer, was in one of the cars. (Compl. ¶ 13). Plaintiff exited her vehicle and approached Officer Murphy. (Compl. ¶ 13). "[B]efore [Plaintiff] knew what was happening Officer Murphy grabbed the phone out of her hands, and slammed it down onto her vehicle, and twirled her around, and forcefully put handcuffs on the defendant." (Compl. ¶ 13). Plaintiff alleges that Officer Murphy arrested her without probable cause or a warrant, and that the handcuffs "stopped circulation in her wrists while she sat screaming in pain." (Compl. ¶¶ 3, 36).[1] "Plaintiff asked her daughter to take her phone and film everything, and she was told by the officer that if she filmed it he would arrest her; she stopped temporarily but started up right after [the officer] walked away." (Compl. ¶ 13). Officer Cowell allegedly searched Plaintiff's vehicle, and unnamed officers obtained identification from Plaintiff and

---

[1] Plaintiff alleges that, as a result of her handcuffing during her arrest, she suffered three months of numbness and a pinched nerve in her wrist, "so much so that [she] could not properly care and attend for [her] daughter that was ill, and since then died." (Compl. ¶ 3).

3

the passengers in Plaintiff's car. (Compl. ¶¶ 36, 30-32, 36, 70).

Over the next six days, after Plaintiff "was released and forced to pay a bail," Commissioner Baskin prohibited Plaintiff from coming into the office to pay her registration renewal fee. (Compl. ¶ 15). In July 2016, Plaintiff was tried in state court on unnamed charges arising out of the incident for which she was arrested by Officer Murphy. (Compl. ¶¶ 3, 13). Plaintiff alleges that Commissioner Baskin, Smith, Jones, and Officer Cowell committed perjury at the trial. (Compl. ¶¶ 3, 13, 17). The jury found Plaintiff "not guilty on every charge." (Compl. ¶ 13).

Plaintiff asserts claims, under 42 U.S.C. § 1983, for (i) excessive force and unlawful search and seizure in violation of the Fourth and Fourteenth Amendments (Count 1), and (ii) "unconstitutional denial and suppression of the right of free speech and the right to question the conduct of police officers, and conduct every day rights of services," in violation of the First and Fourteenth Amendments (Count 3). (Compl. at 8, 12). Plaintiff also asserts state law claims for excessive force and unlawful search and seizure (Count 2), "unconstitutional denial and suppression of the right of free speech and the right to question the conduct of police officers" (Count 4), false imprisonment (Count 5), assault (Count 6), battery (Count 7), trespass and damage to property (Count 8), and obstruction of justice

4

(Count 9). Plaintiff seeks damages, declaratory relief, attorney's fees, and "delet[ion] and expunge[ment] from any and all police records or databases any information about Plaintiff obtained at the Clayton County Tag office and court records." (Compl., Prayer for Relief).

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327). "[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990).

Complaints filed *pro se* must be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nevertheless, a *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. See Beckwith v. Bellsouth

Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005); Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.    Analysis

Plaintiff's Complaint constitutes a shotgun pleading. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings often include conclusory or vague allegations, fail to specify which defendant is responsible for each act alleged, or contain counts that present more than one discrete claim for relief. See Silverthorne v. Yeaman, 668 F. App'x 354, 355

7

(11th Cir. 2016); Beckwith, 146 F. App'x at 372.[2] As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-cv-4226-RWS, 2014 WL 3749305, at *7 (N.D. Ga. July 28, 2014).

The Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. Id. (citing B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009)). To allow these pleadings would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith, 146 F. App'x at 373. The Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the

---

[2] With a shotgun pleading, it is often difficult to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

particular cause of action asserted." Strategic Income Fund, 305 F.3d at 1296 n.9.

This is true even where the plaintiff is *pro se*. *Pro se* plaintiffs "must comply with the procedural rules that govern pleadings," including the rule against shotgun pleadings. Beckwith, 146 F. App'x at 371.

> These rules work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S. v. Shelby Mut. Ins. Co.,760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)).

Plaintiff's Complaint contains nine counts and names nine defendants. Each count incorporates all prior paragraphs in the Complaint. Plaintiff asserts, in a single count, multiple claims based on distinct theories and factual allegations. (See Compl. at 9-11 (Count 3 asserting claims for unlawful arrest, unlawful search, and excessive force); cf. Fed. R. Civ. P. 10 (b) ("[E]ach claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."). Some of the Counts baldly assert constitutional violations after "repeat[ing] and realleg[ing] each and every allegation in the foregoing paragraphs" and offering no particularized factual allegations. (See, e.g., Compl. 38-40 (Count 2 states: "Plaintiff repeat and reallege

9

[sic] each and every allegation in the foregoing paragraphs as if fully set forth herein. The individual Defendants, by foregoing actions, committed unreasonable conduct through search and seizure, excessive force, etc., in violation of Georgia Constitution, Art, Sec. 1, ¶¶ XIII, and XVII. Plaintiffs' [sic] are entitled to damages, declaratory relief and injunctive relief as set forth herein.")). The Complaint contains many other vague or conclusory allegations. (See, e.g., "[T]he police officers deliberately falsified reports, blatantly lied on reports, and then went before the State judicial Courts and committed perjury, and with this knowledge refused to expose this to the law.").[3]

The Complaint lacks any specific, meaningful allegations against several Defendants, including Charles Reed, Chief Michael Register, and Detective McCart. The Complaint frequently asserts generalized allegations against "the Defendants," "the Individual Defendants," "the Officers," or "the Officer," without identifying how or which allegations apply to which Defendant. (See, e.g., Compl. ¶¶ 24, 35, 38-40, 42-45, 49, 52-55, 67). Plaintiff asserts her federal claims "against all defendants," (Compl. at 8, 12), and fails to identify the specific Defendants

---

[3] For example, Plaintiff alleges, without explanation or elaboration, that Defendants "searched her vehicle" and, possibly, her person. (Compl. ¶¶ 21, 30-32, 63-64). Plaintiff appears to offer contradictory allegations on whether the alleged vehicle search was conducted pursuant to a warrant. (Compare Compl. ¶ 21, with Compl. ¶ 31).

10

against whom several of her state law claims are asserted. Count 6, for example, asserts an assault claim against "[a]ll of the Officers as well as Defendants that is considered accomplishers combined and conspired to accomplish the unlawful objective of assaulting the individual Plaintiff by unlawful means." (Compl. ¶ 59). Count 7 contains similar generalized allegations. (See Compl ¶ 66). Count 9 appears to asset a claim against "Judicial System" and "Internal Affairs," neither of which are named defendants. (Compl. at 18). Plaintiff also appears to assert claims on behalf of the passengers in her vehicle, who are not parties in this action. (See, e.g., ¶¶29, 32, 40, 56, 63-64).

Plaintiff's Complaint constitutes a shotgun pleading. Plaintiff is required to file, on or before May 11, 2017, an amended complaint remedying the pleading deficiencies identified in this Order. Plaintiff is advised that the amended complaint, once filed, will supersede and replace her current Complaint. Plaintiff's amended complaint must (1) assert each claim in a separate numbered count, (2) clearly identify the specific defendant(s) against whom each claim is asserted, (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted, and (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions. Plaintiff's allegations and claims should be presented "with such clarity and precision that

[each] defendant will be able to discern what the plaintiff is claiming [against him specifically] and to frame a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff also shall identify the specific offenses for which she was arrested and tried, so the Court may determine whether there was probable cause for her arrest. Failure to file the required amended complaint, or otherwise to follow the Court's instructions in this Order, will result in dismissal of this action. See LR 41.3(A)(2), NDGA.[4]

---

[4] Although Plaintiff purports to proceed *pro se*, she signs her Complaint "[b]y and through counsel on Contingency fees when case go to trial," and provides contact information for "Attorney Lisa Lenn P.A. Law Firm." (See Compl. at 21-22). Neither Lisa Lenn nor any other attorney has filed a notice of appearance in this action. Absent a formal notice of appearance filed by counsel, attorneys should not be involved in this case and Plaintiff's filings must be her own work. See, e.g., Duran v. Carris, 238 F.3d 1268, 1272 (10th Cir. 2001) (holding that "ghost writing" constituted a misrepresentation to the Court by the allegedly *pro se* litigant and the unidentified counsel); Fitzhugh v. Topetzes, No. 1:04-cv-3258, 2006 WL 2557921, at *1 n.1 (N.D. Ga. Sept. 1, 2006) ("condemn[ing] the practice" of preparation, by an undisclosed attorney, of *pro se* filings); Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 72 (M.D. Fla. 1996) ("[T]he practice of filing *pro se* pleadings which are actually prepared by a legal advocate does taint the legal process and create disparity between the parties").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before May 11, 2017, an amended complaint remedying the pleading deficiencies identified in this Order. Plaintiff is advised that the amended complaint, once filed, will supersede and replace her current Complaint. Plaintiff's amended complaint must (1) assert each claim in a separate numbered count, (2) clearly identify the specific defendant(s) against whom each claim is asserted, (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted, and (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions. Plaintiff's allegations and claims should be presented "with such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming [against him specifically] and to frame a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff also shall identify the specific offenses for which she was arrested and tried, so the Court may determine whether there was probable cause for her arrest. Failure to file the required amended complaint, or otherwise to follow the Court's instructions in this Order, will result in dismissal of this action. See LR 41.3(A)(2), NDGA.

**SO ORDERED** this 28th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE